Lee TAYLOR *v.* Gayle A. TERRY and Jane TERRY,
Individually, ex rel, CHRISTIAN BOOK CENTER, INC.

83-44                                           649 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered April 18, 1983
[Rehearing denied May 23, 1983.]

*Bullock, Hardin & McCormick,* for appellant.

*Irwin & Kennedy,* by: *Robert E. Irwin,* for appellees.

ROBERT H. DUDLEY, Justice. This appeal is from a derivative action by shareholders who asserted a corporate right of action against the president of the corporation. A jury returned a verdict of $35,000 in favor of the corporation. The only point raised on appeal is the sufficiency of the evidence. We affirm. The case was certified to this Court by the Court of Appeals.

In Arkansas, derivative actions by shareholders are provided for by rule, statute, and case law. *See* ARCP Rule 23.1; Ark. Stat. Ann. § 64-223 (Repl. 1980); Parrish, *A Look at the Derivative Suit,* 24 Ark. L. Rev. 89 (1970). The shareholder's suit is one in equity even if the right to be enforced is a legal right of the corporation. *Red Bud Realty Co. v. South,* 153 Ark. 380, 241 S.W. 21 (1922); 13 Fletcher Cyclopedia Corporations § 5944 (Perm. Ed. 1980). This derivative action was filed in circuit court and tried before a jury. However, since the issue of subject matter jurisdiction is not before us, we are required to apply the standard of review of actions in law and we affirm if there is any substantial evidence to support the finding of the jury. *Thrifty Rent-A-Car v. Jeffrey,* 257 Ark. 904, 520 S.W.2d 304 (1975). In determining the sufficiency of the evidence we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to appellee. *Green v. Harrington,* 253 Ark. 496, 487 S.W.2d 612 (1972).

The law imposes a high standard of conduct upon an officer or director of a corporation, predicated upon the fact that he has voluntarily accepted a position of trust and has assumed control of the property of others. *Raines v. Toney,* 228 Ark. 1170, 313 S.W.2d 802 (1958). Such a person occupies

a fiduciary relation to the corporation and may not acquire, in opposition to the corporation, property in which the corporation has an interest or which is essential to its existence. Certainly, the president of a corporation owes a duty not to do an unfair or fraudulent act which will result in his private gain at the expense of the corporation. *Raines,* 228 Ark. at 1179. Such an act would be a breach of the fiduciary capacity of the president.

In the case before us there was substantial evidence from which the jury could find that the president breached his position of trust for his own private gain. The appellees, Gayle and Jane Terry, owned fifty percent of the common stock of the Christian Book Center, Inc., a Russellville business. Edjuana Taylor and her husband, appellant Lee Taylor, owned the other half of the stock. From the inception of the corporation in September, 1977, appellant served as president. By March 1978, the two couples were unable to agree on the conduct of the business affairs and, according to the appellees, the appellant president stated that he and his wife would operate the business. The appellees testified that they were told by appellant in April that they, the appellees, were out of the business. The parties discussed selling their common stock to each other. According to appellant, the corporation was not profitable. Shortly thereafter, a promissory note by the corporation to the Peoples Bank and Trust Company of Russellville became due and appellant testified there "was no point in making contact with Mr. Terry [appellee] about extending the note because we were not working together." A bank official and appellant's attorney at that time asked the bank's attorney to file suit and foreclose on the assets of the corporation. The suit was filed on July 28, 1978. No summons was issued and, viewing the facts most favorably to appellees, appellees were not given notice of the action prior to the decree of foreclosure. The corporation answered on July 31, 1978. The foreclosure decree was entered on August 3, 1978. Since July 29, 1978 came on a Saturday and July 30 on Sunday, the foreclosure, from complaint to decree, took just four work days. At the foreclosure sale the appellant, while still president of the corporation, purchased all of the assets of the corporation in his own name. The appellant made the

purchase by simply refinancing with the same bank. No additional security was pledged. No payment was made on the principal. Appellant then continued doing business with the same assets, in the same location, except in his own name.

An accountant reconstructed the financial status of the corporation and challenged the appellant's statement that the corporation was not profitable. He testified that on September 30, 1978, less than thirty days after the foreclosure, the business showed a net profit of $7,300.00 and that by the date of the trial, November 3, 1981, the business had a net worth of $72,614.72.

Thus, there was substantial evidence from which the jury could find that the president of the corporation breached his position of trust in favor of his own private gain.

Affirmed.