## MID-SOUTH BEVERAGES, INC. *v.* FORREST CITY GROCERY CO., INC.

89-23                                           778 S.W.2d 218

Supreme Court of Arkansas
Opinion delivered October 23, 1989
[Rehearing denied November 20, 1989.]

*Daggett, Van Dover, Donovan & Cahoon,* by: *Robert W. Donovan,* for appellant.

*Sharpe, Beavers & Routon,* for appellee.

DARRELL HICKMAN, Justice. The question is whether the complaint filed by the appellant stated a cause of action for the tort of interference with a contractual relationship or business expectancy. The chancellor ruled it did not and dismissed the complaint with prejudice. We reverse his decision and remand for further proceedings.

The elements of the tort of interference are: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Walt Bennett Ford* v. *Pulaski County Spl. School Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981).

The complaint alleged: (1) Mid-South has an exclusive agreement with Pepsico to bottle and distribute its beverages in a certain geographic territory; (2) Forrest City Grocery (FCG) had sold and distributed Pepsi within Mid-South's territory; (3) Mid-South's customers were being induced to sever their business relationships with Mid-South and instead make purchases from FCG, causing loss of business to Mid-South; and (4) FCG acted wilfully, knowing its acts interfered with Mid-South's contractual relationships and with its customers. The trial judge premised his decision on the fact there was no contractual relationship between Mid-South and FCG.

In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. It is improper for the trial judge to look beyond the complaint to decide a motion to dismiss. *Battle* v. *Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989).

Using this standard of review, the complaint stated a cause of action. No contractual relationship had to exist between these parties. The chancellor dismissed the complaint with prejudice under ARCP Rule 12(b)(6). Even if grounds existed, the complaint should not have been dismissed with prejudice.

Reversed and remanded.