Elbert GODWIN and Godwin, Churchman, Turner & Bonds, Ltd. *v.* Robert J. CHURCHMAN; Individually and d/b/a Churchman, Turner & Bonds, a Partnership; and Churchman, Turner & Bonds

91-107                                                     810 S.W.2d 34

Supreme Court of Arkansas
Opinion delivered May 20, 1991

522

*Lyons & Emerson*, by: *Jim Lyons*, for appellants.

*James A. McLarty*, for appellees.

ROBERT L. BROWN, Justice. The appellants ("Godwin") appeal from two orders dismissing their complaint against the appellees ("Churchman/Turner/Bonds"). The trial court's dismissals were premised on violation of the statute of limitations and failure to state appropriate facts under Ark. R. Civ. P. 8(a) and 12(b)(6).

We affirm in part and reverse in part and remand.

In June 1981 Godwin, who had an established accounting practice, began discussions with Churchman/Turner/Bonds, who were also accountants, about working together under a mutually agreeable business arrangement. Over the next three years, the accountants worked together as part of a corporation formed for that purpose — Godwin, Churchman, Turner & Bonds, Ltd. Though at least two meetings were held with counsel to fashion a business agreement, none was executed by the parties.

By the latter part of 1984 the business relationship between Godwin and Churchman/Turner/Bonds had deteriorated to the point that on November 9, 1984, Turner advised Godwin and his

attorney that Churchman/Turner/Bonds wished to terminate the business relationship and buy out Godwin. Godwin refused. On November 11, 1984, Churchman/Turner/Bonds individually tendered their resignations to Godwin. On November 16, 1984, Godwin's attorney wrote Churchman/Turner/Bonds on Godwin's behalf to request certain information from them prior to a meeting to "wind up" corporate matters.

Over the next few working days, from November 12 through November 23, 1984 (November 22 was Thanksgiving Day), Churchman/Turner/Bonds continued working at the corporation office. Churchman/Turner/Bonds testified that this was solely for the purpose of winding up affairs. Over the following weekend (November 24-25), Churchman/Turner/Bonds took furniture, client files in progress, computer diskettes with client information, and financial data including accounts receivable from the office, without giving prior notice to Godwin.

Godwin filed his complaint against Churchman/Turner/ Bonds on November 20, 1987, and alleged six counts, all of which are connected to the schism in the business enterprise: 1) breach of oral contract; 2) breach of implied contract; 3) tort of outrage; 4) tortious interference with Godwin's clients; 5) conversion of property; and 6) breach of fiduciary duty owed the corporation. Churchman/Turner/Bonds moved to dismiss the complaint under Ark. R. Civ. P. 12(b) for lack of jurisdiction and failure to state claims upon which relief could be granted with accompanying brief on December 3, 1987, and attached to their motion an affidavit by Turner. Godwin responded to the motion with a brief and affidavit on December 14, 1987. The response of Godwin, the briefs of both parties, and both affidavits assert facts not included either in the original complaint or in the motion to dismiss.

On March 31, 1988, a hearing was held by the trial court on the limitations question raised as part of the jurisdiction allegation in the 12(b) motion of Churchman/Turner/Bonds. In the course of that hearing testimony was taken from all parties, as well as from Godwin's wife, and exhibits were introduced. The trial counsel admitted at the conclusion of the hearing that the evidence taken went beyond the limitations issue. The trial court dismissed Count I (breach of oral contract) and Count II (breach of implied contract) on July 21, 1988, on limitations grounds.

Prior to that order a second 12(b)(6) motion to dismiss was filed by Churchman/Turner/Bonds on July 6, 1988, with a brief in which counsel argued that Godwin's complaint should be dismissed because it constituted notice pleading rather than the required fact pleading under Ark. R. Civ. P. 8(a). The trial court granted the second motion and dismissed the remaining four counts of Godwin's complaint on January 18, 1990.

■■ We begin with an analysis of what exactly was the nature of the first motion considered by the trial court. The motion filed by Churchman/Turner/Bonds ostensibly was a 12(b) motion, but once matters outside of the pleadings were presented to the trial court the rules require that the motion be considered one for summary judgment and be treated as such and disposed of as provided in Rule 56. *See* Ark. R. Civ. P. 12(b). We have held that it is improper for the trial court to look beyond the complaint to decide a 12(b) motion unless it is treating the motion as one for summary judgment. *See Battle* v. *Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989); *Guthrie* v. *Tyson Foods*, 285 Ark. 95, 685 S.W.2d 164 (1985). We have further said that even if the trial court treats the motion as one for summary judgment, it is incorrect for it then to base its decision on factual allegations made in the briefs and exhibits. *Id.* Our civil procedure rules clearly provide that the trial court may only consider "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any" for summary judgment purposes. Ark. R. Civ. P. 56(c).

By going beyond the complaint in considering the first 12(b) motion, the trial court converted that motion to one for summary judgment under Rule 56, according to the peremptory language of Rule 12(b). Moreover, by going beyond the pleadings, discovery, and affidavits, the trial court erred for purposes of summary judgment, and the procedure followed did not fall within the specific parameters of Rule 56.

What transpired before the trial court on March 31, 1988, was, in reality, a trial on the limitations issue. Live testimony was presented from six witnesses and several exhibits were introduced by both parties, after which time the trial court made a factual determination regarding the statute-of-limitations defense. The proceedings were not orchestrated solely by the trial court. The

attorneys for both parties agreed to a hearing with testimony and exhibits to decide the limitations issue. The trial court initially questioned the propriety of doing this, but at the end it agreed to proceed:

Court: Well, that's fine, I mean, I'll do it that way if both of y'all agree. . . .

McLarty: Well, what I had suggested in my motion is that if the cause of action is clearly barred by limitations, that my clients particularly ought not to have to be put through the expense, time and trouble of a full-scale preparation and a full-scale trial.

Court: I'll tell you what let's do. I can't answer this question until I hear the proof.

McLarty: I don't think you can.

Court: And, I think you're right. And let's go ahead and put on what we've got today and I'll listen to it and if I think that's part of a fact question for a jury, then I'm going to, I'm going to. . .

McLarty: You're going to overrule the motion.

. . . .

Lyons: I understand that and I have no objection to the Court hearing it if the Court. . .

Court: Well, I got to hear it in order to know —

Lyons: Right.

Court: — so let's go.

Lyons: And if the Court feels—

Court: I know what I'm doing now.

Lyons: — that it's properly a factual determination for the jury to do, then you will simply overrule the motion at this time.

Thereafter, a hearing on the limitations issue occurred. As indicated from this colloquy the trial court first sought to decide whether a fact issue existed to present to the jury. At the end of

the hearing the trial court was inclined to rule on the limitations question directly and also on whether sufficient facts had been pled in Godwin's complaint on all counts under Rule 8(a). The following colloquy ensued:

> Lyons: Judge, it was my understanding that the, I understand what the motion says, it was my understanding with Mr. McLarty, and I think he would agree with me, that the only issue to be decided today was statute of limitations and nothing. . .
>
> Court: On all six or the first one?
>
> Lyons: On all six and nothing else.
>
> Court: All right. Now, let me get the record straight.
>
> Lyons: Is that correct?
>
> Court: All right, I'll give you what you want.

The trial court then proceeded to discuss the absence of sufficient facts pled under all counts but Count I. The court said it was inclined to dismiss only Count I (breach of oral contract) on limitation grounds, but wanted briefs on the subject. Almost four months later it dismissed Counts I and II as violative of the three year statute of limitations.

■ For guidance on this issue we turn to Ark. R. Civ. P. 15(b). That rule governs amendments to the pleadings to conform to the evidence and provides that where an issue is tried by the express or implied consent of the parties, it shall be treated in all respects as if it had been raised in the pleadings. This results, according to the rule, even if a motion to amend the pleadings to conform is not made by the affected party. So it was in the case before us. Counsel for both parties agreed to a hearing on the limitations issue which resulted in a trial of that issue. The trial court then made its decision and issued its order dismissing Counts I and II. We, therefore, hold that the limitations issue was tried as if it were an affirmative defense to Godwin's complaint under Ark. R. Civ. P. 8(c) with the express consent of the parties, and we treat it as if it had been raised in the pleadings.

We further hold that the limitations defense was tried before the trial court by agreement of the parties. While it first appeared

that the trial court would limit itself to deciding whether a jury question was involved, by the end of the hearing it was obvious that the trial counsel wanted a decision on the limitations question itself, and the trial court obliged.

We turn next to the question of whether substantial evidence exists to support the trial court's dismissal of Counts I and II on limitations grounds. *See Ark. La. Gas. Co.* v. *Hutcherson*, 287 Ark. 247, 697 S.W.2d 907 (1985). We hold that it does. The issue, boiled down to its essence, centers on whether breach of the oral contract to do business occurred, when Churchman/Turner/Bonds tendered their resignations on November 11, 1984, or when they vacated the office on November 23-24, 1984. Only if the latter dates apply was Godwin's complaint relative to Counts I and II timely commenced.

There is no doubt that the evidence of the earlier breach is substantial, as witnessed by Godwin's own testimony concerning the November 11 meeting:

Counsel: Well, isn't that the effect of what they said, the deal to buy you out was off?

Godwin: That was my understanding of it.

Counsel: And if they breached or failed to live up to any agreement to buy you out, they breached it as of that date, didn't they?

Godwin: The way I look at it is when they did the last thing in, in point of time.

Counsel: But was there any doubt in your mind when you had your last meeting with them with Marvin being present, was there any doubt in your mind but that the deal to buy you out in oral or otherwise was off, over and done with?

Godwin: Right.

Counsel: All right, Sir. And whenever that day was, it was before the 11th of November of 1984.

Godwin: That's when I knew that they, that they were planning to move out, that's right.

Counsel: And that the deal was off.

Godwin: Well, they said either accept it or reject it and I rejected their offer. And I understood then that they were pulling out, they were quitting. They were quitting, didn't want to follow through on the contract.

Counsel: All right, they were not wanting to follow through on the contract.

Godwin: That's right. They. . .

Counsel: And that happened before the 11th, is that right?

Godwin: Well, they told me before the 11th. I mean, I knew before the 11th that they were moving.

Godwin himself clearly conceded that he had knowledge of the breach of the oral contract by the earlier date. We affirm the trial court's order dismissing Counts I and II.

We turn now to the second motion to dismiss filed by Churchman/Turner/Bonds alleging failure to state *facts* upon which relief can be granted under Rule 12(b)(6). This motion was filed on July 6, 1988, after the March 31, 1988 hearing. The accompanying brief argues not only Ark. R. Civ. P. 12(b)(6) for dismissal of the four remaining counts but also Ark. R. Civ. P. 8(a) due to the insufficiency of the facts pled. The trial court dismissed the four counts on January 18, 1990, without findings or further comment. On appeal Godwin again argues that the trial court erred in not treating the second motion as one for summary judgment.

■ Our analysis is somewhat akin to that used for the first motion to dismiss and we look to determine whether the trial court went outside of the pleadings in making its decision. Unlike the limitations issue, however, here there is nothing to suggest that the trial court made its decision based on matters outside of the pleadings. We are mindful that a hearing did occur on March 31, 1988, and that the trial court was disposed at the hearing's conclusion to rule on the notice pleading issue. Indeed, at the hearing the trial court said that it regarded the complaint "as being conclusions more than fact" and asked for briefs on the question. This remark supports a conclusion that the trial court's

order was ultimately grounded on the pleadings alone. Indeed, the order says as much, and Godwin is not convincing to the contrary.

Arkansas has adopted a clear standard to require fact pleading: "A pleading which sets forth a claim for relief. . .shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief. . . ." Ark. R. Civ. P. 8(a). By the same token our rules state that "All pleadings shall be liberally construed so as to do substantial justice." Ark. R. Civ. P. 8(f).

■ Paragraph fourteen of Godwin's complaint in particular provides the factual basis for the four counts at issue:

14. That without notice or warning to the Plaintiff Godwin or to the clients, the Defendants removed the files, including those originally brought into the practice by Plaintiff Godwin, copied the computer diskettes which were the property of Plaintiffs, took the furniture which was the property of Plaintiffs and took over the Plaintiffs' accounting practice which he had brought into the group.

This factual allegation meets the criteria for the tort of conversion in that Godwin sufficiently alleges that Churchman/Turner/ Bonds exercised dominion over property in violation of the rights of the owners. See Car Transportation v. Garden Spot Distr., 305 Ark. 82, 805 S.W.2d 632 (1991). We hold, accordingly, that the trial court erred in dismissing the conversion count (Count V).

■ We further hold that sufficient facts were pled to assert a claim by the corporation for breach of fiduciary duty. (Count VI). Churchman/Turner/Bonds were alleged to be officers of the corporation. As such they held positions of trust and occupied a fiduciary relationship to the corporation. See Taylor v. Terry, 279 Ark. 97, 649 S.W.2d 392 (1983). In their fiduciary capacities they were foreclosed from acquiring property in which the corporation had an interest. Id. Certainly, they could not act to benefit themselves personally at the expense of the corporation. Id. Here, the corporation is a party, and it has alleged that Churchman/Turner/Bonds "misappropriated for their own personal benefit business expectancies and opportunities properly belonging to the Plaintiff corporation. . . ." Paragraph 14,

530

quoted above, itemizes what was taken more precisely. A sufficient claim has been stated, and the trial court was wrong in dismissing this count.

We affirm the trial court on the two other dismissals. In Count III Godwin alleges the tort of outrage based on the removal of his property and states the conduct of Churchman/Turner/ Bonds was outrageous, intolerable in a civilized society, and caused him emotional distress. The alleged taking of property did not raise sufficient facts to sustain a count for the tort of outrage or to withstand a 12(b)(6) motion. *See Rabalais* v. *Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985).

Nor has Godwin successfully pled facts for tortious interference (Count IV). No valid contractual relationship with a particular third party which was intentionally interfered with by Churchman/Turner/Bonds was pled by Godwin. *See Mid-South Beverages, Inc.* v. *Forrest City Grocery Co., Inc.*, 300 Ark. 204, 778 S.W.2d 218 (1989). The trial court correctly dismissed this count.

In sum, we affirm in part and reverse in part and remand.