In re David A. COLLINS.

Harvey L. BELL, Trustee for the Liquidation of the Business of the Collins Securities Corporation, Plaintiff,

v.

David A. COLLINS, Defendant.

Bankruptcy No. 91–41579 S.
Adv. No. 91–4184.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Jan. 31, 1992.

William Owen, Little Rock, Ark., for plaintiff.

Gregory M. Hopkins, Little Rock, Ark., for defendant.

Richard L. Cox, Hot Springs, Ark., trustee.

## ORDER DENYING MOTION TO DISMISS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion to Dismiss filed on December 17, 1991. The plaintiff is the bankruptcy Trustee of the corporate entity, Collins Securities Corporation ("the Corporation"). In proceeding with the corporate liquidation, the Trustee previously obtained judgement against Collins for corporate funds acquired by Collins and his wife. The Trustee filed this adversary proceeding in Collins' personal bankruptcy, requesting in Count I that the debt to the corporation be rendered non-dischargeable pursuant to section 523(a), subsections (2) and (4), of the Bankruptcy Code (11 U.S.C.), and requesting in Count II that the debtor be denied a discharge pursuant to section 727(a)(3) of the Bankruptcy Code.

The defendant presents a two-prong attack with respect to each Count, asserting that (1) neither Count I nor II states a claim for which relief may be granted, and (2) neither Count sets forth fraud allegations with sufficient particularity. The Court has read the complaint, considered the arguments of the parties, and researched the relevant law. Upon due consideration, the Court concludes that the Complaint pleads proper causes of action with sufficient particularity such that the Motion to Dismiss must be denied.

In deciding a motion to dismiss, the Court must take all of the allegations of the complaint as true. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A cause should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Schuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1957). Dismissal is proper only when a complaint clearly shows a plaintiff cannot recover under any circumstances. *Bramlett v. Wilson,* 495 F.2d 714 (8th Cir.1974).

Rule 9(b), Federal Rules of Civil Procedure, requires that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Collins asserts that neither Count I nor II state facts with sufficient particularity such that the complaint must be dismissed.

■ Count I alleges that Collins, an officer and director owing a fiduciary duty to the corporation, received advances and diverted funds from the corporation. The complaint further alleges that Collins prevented the corporation from halting the improper diversion of funds. The complaint contains sufficient facts to give the defendant fair notice of the specific misconduct and to formulate his defense.

■ Even were the facts not so pleaded, courts must be

[M]indful of the more liberal approach to fraud pleading in bankruptcy cases especially in those instances where a trustee is bringing the action. *Schlick v. Penn Dixie Cement Corp.,* 507 F.2d 374, 379 (2nd Cir.1974). This liberality is justified because the Trustee as a third party outsider to the fraudulent transaction, must plead fraud on second hand knowledge for the benefit of the estate and all its creditors. *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199, 203 (Bnkrptcy.S.D.N.Y.1983). Thus, bank-

ruptcy courts do not generally insist on the stringent standards required in a non-bankruptcy civil action. *Decker v. Massey Ferguson, Ltd.*, 681 F.2d 111 (2nd Cir.1982).

*Davidson v. Bank of New England (In re Hollis and Company)*, 86 B.R. 152, 156 (Bankr.E.D.Ark.1988). *See Federal Savings and Loan Insurance Corporation v. Musacchio*, 695 F.Supp. 1053 (N.D.Cal. 1988) (information within the defendant's control is an exception to the 9(b) particularity requirement). The analysis of *Hollis* is applicable here. Although not the trustee appointed in this bankruptcy, the plaintiff is trustee of the corporate bankruptcy, a representative with respect to the corporation to which the plaintiff allegedly owed a fiduciary duty. As such, the trustee is "a third party outsider to the fraudulent transaction," forcing him to plead fraud "on second hand knowledge for the benefit of the estate and all its creditors."

■ The complaint states sufficient facts to give notice of the specific misconduct alleged in Count II. Count II alleges that Collins kept inadequate records from which his financial business transactions could be ascertained, that he improperly responded to question #17 of the financial affairs as "not applicable." The complaint is so particular as to list names of specific accountants who should have been listed in the statement of financial affairs, but were not. The allegations in this respect could not be stated with much greater particularity. The bases of the Count are stated with sufficient particularity for the defendant to frame a responsive pleading. Indeed, he has proven the trustee's point by already filing an Answer. There is sufficient information for the defendant to now prepare a defense and frame his discovery.

■ Collins' second attack to the complaint is based upon Rule 12(b)(6), Federal Rules of Civil Procedure. Collins asserts that Count I fails to state a claim for which relief may be granted because section

523(a)(4) provides for relief only against trustees of express trusts, citing *In re Long*, 774 F.2d 875 (8th Cir.1985). In *Long* the Eighth Circuit held that the facts presented did not support the existence of a fiduciary relationship within the meaning of section 523(a)(4). The shareholder/employee in *Long* was not liable in the absence of a rule creating the fiduciary relationship. *Id.* at 878 & n. 3. While *Long* states that the Bankruptcy Code does not reach constructive trustees (so designated because of misconduct), *Long*, 774 F.2d at 878, that case also concludes that to the extent state law creates fiduciary status in an officer, section 523(a)(4) can be applied to preclude discharge of a debt. *Id.* ("We recognize that there are cases charging individuals, by virtue of their corporate officer status, with the corporation's fiduciary duties.... To the extent these cases hold that a statute or other state law rule may create fiduciary status in an officer which is cognizable in bankruptcy proceedings, we agree.") (citations omitted). Thus, fiduciary capacity under section 523(a)(4) of the Bankruptcy Code can be established where there is a clear fiduciary duty on the part of corporate officers to a corporation with regard to the proper treatment of corporate assets over which the corporate officer has control. *In re Long*, 774 F.2d 875 (8th Cir.1985).

■ Arkansas has long recognized a rule that a corporate officer is charged with a fiduciary duty to the corporation. *Taylor v. Terry*, 279 Ark. 97, 649 S.W.2d 392 (1983); *Raines v. Toney*, 228 Ark. 1170, 313 S.W.2d 802 (1958). The complaint alleges that Collins was an officer of the corporation and that he had a fiduciary duty to the corporation. Accordingly, under *Long*, 774 F.2d 875, a cause of action under section 523(a)(4) is properly pleaded.[1]

■ Finally, Collins argues that Count II does not state a cause of action. His arguments, however, address the merits of the

1. It is also possible under the facts alleged and if sufficiently developed at trial, that liability could be grounded upon the embezzlement or larceny language contained in section 523(a)(4). The plaintiff also based Count I on Bankruptcy Code section 523(a)(2). Section 523(a)(2) excepts from discharge any debt for money obtained by false pretenses or actual fraud. There are sufficient factual allegations to support a cause of action under subsection 523(a)(2).

case by contesting the allegations of fact set forth in the complaint. Such arguments are not appropriate in a motion to dismiss, but are reserved for trial on the merits. Taking all of the allegations of the complaint as true, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), Count II states a cause of action under Bankruptcy Code section 727(a)(3). Inasmuch as a cause should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Schuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1957), the motion to dismiss must be denied.

ORDERED that the defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.