Ashel GORDON *v.* PLANTERS & MERCHANTS
BANCSHARES, INC., Gillett, d/b/a Planters &
Merchants Bank

91-305                                               832 S.W.2d 492

Supreme Court of Arkansas
Opinion delivered June 22, 1992

*Gibson & Deen*, by: *Thomas D. Deen*, for appellant.

*Berry & Mejia*, by: *Russell D. Berry*; and *Arnold, Grobmyer, & Haley*, by: *Robert R. Ross*, for appellee.

STEELE HAYS, Justice. This is an appeal from the granting of a 12(b)(6) motion and requires construction of a provision of Article Four of the Uniform Commercial Code—Ark. Code Ann. § 4-4-213 (1987).

The complaint alleges that on September 24, 1990, Ashel Gordon (plaintiff/appellant), deposited a check for $2,494.21 in his account at Planters & Merchants Bank, (defendant/appellee). The check was issued by Stuttgart Cooperative Buyers' Association, drawn on the First National Bank of Stuttgart, and payable to "Gordon Wallace Farms." Planters accepted the check for deposit and gave a provisional credit to Gordon's account.

Gordon alleges that on September 25, 1990, First National made final settlement with Planters for the amount of the check, completed the posting process, and the credit to his account was made final. Gordon further alleges that on October 1, 1990, Lloyd Wallace, an employee of Planters, contacted First National and instructed it to dishonor and return the check, in spite of the fact that final settlement had been made. Pursuant to those instructions First National agreed to dishonor the check. The check was retrieved from the maker and returned to Planters, which then debited Gordon's account in the amount of the check.

Gordon brought suit against Planters for violation of Ark. Code Ann. § 4-4-213 (1987). The complaint charges that Planters violated the statute by charging back the check after final settlement had been made on the item. The complaint alleges that Planters, through its employee Wallace, acted maliciously and in bad faith. Gordon sued for the amount of the check, interest and punitive damages.

Planters responded to the complaint with a motion to dismiss for failure to state a claim upon which relief could be granted. Ark. R. Civ. P. 12(b)(6). After a hearing on the motion, the trial court granted Planters' motion, and Gordon appeals from that order.

Before we face the Rule 12(b)(6) question, we address the law underlying the complaint, for in order to determine whether the facts are sufficient to state a cause of action, the cause of action and its elements must be identified. *Mid-South Beverages*

*Inc.* v. *Forrest City Grocery Co., Inc.*, 300 Ark. 204, 778 S.W.2d 218 (1989). In this case the interpretation of the law was as much in dispute as the sufficiency of the complaint. Planters renews its arguments made before the trial court that Gordon, irrespective of the adequacy of his complaint, does not have a cause of action against Planters under Article Four. We disagree.

Ark. Code Ann. § 4-4-213(3) provides in part:

> If a collecting bank receives a settlement for an item which is or becomes final (subsection (3) of Section 4-4-211, subsection (2) of Section 4-4-214) the bank is accountable to its customer for the amount of the item and any provisional credit given for the item in an account with its customer becomes final.

In this instance Planters was the collecting bank. It received an item, the check, payable to Gordon, which became finally settled when, according to the complaint, First National "made final settlement" with Planters. Thus, the collecting bank was at that moment "accountable" to the payee, Gordon, for the amount of the check and the provisional credit became final. The Official Commentary to that section is clear:

> 9. Subsection (3) states the general rule that if a collecting bank receives settlement for an item which is or becomes final the bank is accountable to its customer for the amount of the item. . . .If previously [the collecting bank] gave to its customer a provisional credit for the item in an account its receipt of final settlement for the item "firms up" this provisional credit and makes it final. When this credit given by it so becomes final, in the usual case, its agency status terminates and it becomes a debtor to its customer for the amount of the item.

Moreover, under Ark. Code Ann. § 4-4-212 (1987), it is plain the right of the collecting bank to charge back terminates when a settlement for the item becomes final. This point is clearly made in 5 W. Hawkland, *Uniform Commercial Series* § 4-212:05 (1984)

> The right to revoke a settlement, charge-back or obtain a refund terminates "if and when a settlement for the item received by the bank is or becomes final." This rule is

consistent with the general approach of Article 4: the collecting bank is merely an agent for collection. Once payment is made, the agency status ceases and the parties enter into a debtor-creditor relationship. If, for some reason, the collecting bank accepts return of an item, after final payment, the collecting bank, rather than its customer should be responsible for collection. [Footnotes omitted.]

*And see e.g. 622 West 113th Street Corp.* v. *Chemical Bank*, 276 N.Y.S.2d 85 (1966); *Fromer Distributors, Inc.* v. *Bankers Trust*, 321 N.Y.S. 2d 428 (1971). And as pointed out in *Appliance Buyers Credit Corp.* v. *Prospect National Bank*, 708 F.2d 290 (7th Cir. 1983), the liability under the provision of § 4-213(3) is one of strict liability, for the face amount of the item in question.

■ Under the facts of this case and the law in Article Four, we are persuaded there is a cause of action by the customer against a collecting bank when the collecting bank makes a charge-back for an item after it has received final settlement.

As to the Rule 12(b)(6) motion, we cannot sustain the contention that the complaint fails to state sufficient facts for a cause of action under § 4-4-213(2), *supra*. The complaint reads in pertinent parts:

2. On or about September 24, 1990, Plaintiff caused to be deposited in his account with Defendant a check in the amount of Two Thousand Four Hundred Ninety-four Dollars and Twenty-one Cents ($2,494.21). The check was issued by Stuttgart Cooperative Buyers Association, and was drawn on First National Bank of Stuttgart.

3. The check was made payable to "Gordon Wallace Farms," and was endorsed and accepted for deposit accordingly, and a provisional credit was entered in Plaintiff's favor in the amount of the check.

4. On or about September 25, 1990, First National Bank of Stuttgart made final settlement with Defendant for the amount of the check. The posting process was completed, and the credit to Plaintiff's account made final.

5. On or about October 1, 1990, Lloyd Wallace, an

employee of Defendant, contacted the remitting bank, First National Bank of Stuttgart, and instructed the remitting bank to dishonor and return the check, despite fact that final settlement had been made.

6. Pursuant to Defendant's instruction, the remitting bank and its agents agreed to dishonor and return the check and the same was retrieved from the maker (to whom it had been returned in the normal course of business) and it was returned to Defendant.

7. Upon receipt of the check, Defendant disregarded the final settlement made, and debited the account of Plaintiff, its customer, in the amount of the check.

\* \* \* \* \*

9. Defendant's actions in causing the wrongful dishonor of the check, and in debiting Plaintiff's account accordingly, are in direct violation of Ark. Code Ann. § 4-4-213 (1987), and Defendant is accountable and strictly liable to Plaintiff in the amount of the check.

■ In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. It is improper for the trial judge to look beyond the complaint to decide a motion to dismiss. *Battle* v. *Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989); *Mid-South Beverages, Inc.* v. *Forrest City Grocery Co.*, *supra.*

■ These facts state a cause of action under § 4-4-213: 1) "A collecting bank" (Planters), 2) "receives settlement for an item" (made provisional settlement when appellant first deposited his check in Planters), 3) "which is or becomes final" (First National completed the posting process and made final settlement with Planters, and the credit to Gordon's account was made final. *See* § 4-4-104(j): " 'Settle' means to pay in cash, by clearing house settlement, in a charge or credit or by remittance, or otherwise as instructed. A settlement may be either provisional or final.")

The order of dismissal is reversed and the case is remanded for further proceedings.

BROWN, J., not participating.