Elizabeth Gammon BROWN *v.* ARKANSAS DEPARTMENT
of CORRECTION, and Larry Norris, Director,
and Doe Defendants Nos. 1-5

98-1012 6 S.W.3d 102

Supreme Court of Arkansas
Opinion delivered December 16, 1999

*Appellant*, pro se.

*Mark Pryor*, Att'y Gen., by: *M. Wade Hodge*, Ass't Att'y Gen., for appellee.

W. H. "DUB" ARNOLD, Chief Justice. Appellant, Elizabeth Gammon Brown, a pro se litigant and inmate at the Arkansas Department of Correction, brings the instant appeal challenging the trial court's dismissal of her complaint against appellees, Arkansas Department of Correction and Larry Norris, its director. According to her complaint, filed on April 7, 1998, Brown sought declaratory relief and a jury trial in relation to her failed attempts to pursue appeals of administrative decisions that resulted in her receiving four "disciplinaries." After failing to receive responses to her "appeals" and after being informed that appellees never received the appeals, Brown filed the instant action claiming that appellees' mailroom procedures violated her due-process rights. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(b)(6) (1999). After reviewing Brown's complaint and the trial court's decision dismissing her action pursuant to Ark. R. Civ. P. 12(b)(6) (1999), we conclude that appellant's arguments lack merit, and we affirm.

■ Notably, Brown acknowledges that the trial court never considered the merits of her claim. She also concedes that she never challenged the "method" or "falsity" of the disciplinaries she received. Unfortunately, appellees devote a large portion of their brief to the merits of Brown's claim. Also, many of the issues discussed by both parties are raised for the first time on appeal. It is well settled that we will not address arguments raised for the first time on appeal. *Windsor v. State*, 338 Ark. 649, 655, 1 S.W.3d 20 (1999); *see also McGhee v. State*, 330 Ark. 38, 42, 954 S.W.2d 206, 208 (1997). In fact, the only issue before us on appeal is whether the trial court properly dismissed Brown's complaint.

■ Although Brown contends that her prison setting deprived her of the ability to properly pursue her appeal, we disagree. Appellant claims that she is "ignorant of the law" but that she should be excused. She adds that she has "no way of knowing whether the citations cited in this appeal remain good law and binding...." Further, she states that she has limited access to case law and that she was unaware that recent statutory enactments may preclude the relief she seeks. Finally, she notes that her brief is "so cluttered with immaterialities because of [her] 'forced' ignorance." In response to Brown's request for indulgence, we have long held that a party appearing pro se is responsible for any mistakes he makes in the conduct of his trial and he receives no special consideration on appeal. *Gibson v. State*, 298 Ark. 43, 46, 764 S.W.2d 617, 619 (1989) (citing *Philyaw v. State*, 288 Ark. 237, 248, 704 S.W.2d 608, 613 (1986)), *cert. denied*, 491 U.S. 910 (1989). Accordingly, we now address appellant's sole issue on appeal, namely, whether the trial court erred by dismissing her complaint.

*Motion to dismiss*

■ When this court reviews a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and we view them in the light most favorable to the plaintiff, here, Brown. *See Hames v. Cravens*, 332 Ark. 437, 440-41, 966 S.W.2d 244, 246 (1998) (citing *Neal v. Wilson*, 316 Ark. 588, 595-96, 873 S.W.2d 552 (1994) (citing *Gordon v. Planters & Merchants Bancshares, Inc.*, 310 Ark. 11, 832 S.W.2d 492 (1992); *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989)); *Mid-South Beverages, Inc.*, 300 Ark. 204, 205, 778 S.W.2d 218, 219 (1989) (citing *Battle*, 298 Ark. 241,

766 S.W.2d 431 (1989))). Significantly, a trial judge must look only to the allegations in the complaint to decide a motion to dismiss. *Hames*, 332 Ark. at 441, 966 S.W.2d at 246 (citing *Neal*, 316 Ark. at 596, 873 S.W.2d 552 (citing *Wiseman v. Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (1993); *Deitsch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992)); *Mid-South Beverages, Inc.*, 300 Ark. at 205, 778 S.W.2d 218 (citing *Battle*, 298 Ark. 241, 766 S.W.2d 431))).

 Moreover, in determining whether an action was properly dismissed pursuant to Ark. R. Civ. P. 12(b)(6), for failure to state a claim, we construe the complaint in light of the requirements of Ark. R. Civ. P. 8(a)(1). Specifically, we have noted that:

> Arkansas has adopted a clear standard to require fact pleading: "a pleading which sets forth a claim for relief . . . shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief . . ." ARCP Rule 8(a)(1). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." This court has stated that these two rules must be read together in testing the sufficiency of the complaint; facts, not mere conclusions, must be alleged. *Rabalais v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. *Id.*; ARCP Rule 8(f).

*Shepherd v. Washington County*, 331 Ark. 480, 487, 962 S.W.2d 779, 781 (1998) (quoting *Brown v. Tucker*, 330 Ark. 435, 954 S.W.2d 262 (1997) (internal citations omitted)).

 Here, although appellant's complaint is lengthy and references numerous statutory and constitutional provisions, it fails to set forth facts sufficient to state a claim. Brown merely claims in conclusory fashion that her due-process rights were violated, but she fails to set forth the facts necessary to support her claim. Additionally, the trial court may dismiss an action brought by an incarcerated person with respect to prison conditions if it believes that the claim, on its face, is frivolous, malicious, seeks monetary relief from an immune defendant, or fails to state a claim upon which relief can be granted. Ark. Code Ann. § 16-106-302(b) (Supp. 1999).

 Also, much of appellant's cited case law is not controlling precedent in our jurisdiction. Specifically, Brown fails to argue

why case law from other jurisdictions should apply to the instant case. Mere citation of another jurisdiction's authority is not singularly persuasive to prove that the State of Arkansas should interpret a case similarly. *See Rockefeller v. Rockefeller,* 335 Ark. 145, 153, 980 S.W.2d 255, 258 (1998). In any event, we have long held that we do not consider arguments without convincing argument or citation to authority in support, where it is not apparent without further research that these arguments are well-taken. *See Perryman v. Hackler,* 323 Ark. 500, 508, 916 S.W.2d 105, 109 (1996) (citing *Thomson v. Littlefield,* 319 Ark. 648, 893 S.W.2d 788 (1995)). In light of the foregoing, we hold that the trial court did not err by granting appellees' motion to dismiss.

Affirmed.