James TYRONE *v.* Marcus DENNIS

CA 00-682                                             39 S.W.3d 800

Court of Appeals of Arkansas
Division IV
Opinion delivered April 4, 2001

*Harris, Shelton, Dunlap, Cobb & Ryder, P.L.L.C.*, by: *Michael F. Rafferty*, for appellant.

*Gibson Law Firm*, by: *Mike Gibson*; and *Branch, Thompson, Philhours & Warmath*, by: *Robert F. Thompson*, for appellee.

SAM BIRD, Judge. This appeal arises from the Crittenden County Circuit Court's denial of a motion to set aside a default judgment against appellant, James Tyrone d/b/a Acme Pest Management Company (Tyrone), in a lawsuit brought by appellees, homeowners Marcus and Wanda Dennis. The circuit judge found that Tyrone had shown no mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, other misconduct of an adverse party, or other reason justifying relief from the operation of the judgment; and that he had presented no meritorious defense. On appeal, Tyrone lists three points that allege error in the denial of his motion to set aside the judgment, and he submits two points regarding the award of damages. We find no merit in any of these points, and we affirm.

The parties do not dispute the events that led to entry of the default judgment. In May 1996 the Dennises entered into a contract with Tyrone for protection against termite damage to their home, and in March 1998 they notified Tyrone of potential termite problems. After tearing down a bedroom wall to inspect for termite damage, Tyrone directed the Dennises to deal with his insurance company, Frontier Insurance, because their claim was too much for him to handle. Frontier and the Dennises' lawyers failed to negotiate a settlement, and he informed Frontier by certified mail that it could expect its insured to be served with a complaint and summons within a week.

On November 18, 1999, the Dennises filed their complaint in circuit court, stating that in March 1999 they had discovered live termite infestation within their dwelling and that Tyrone had refused to meet contractual obligations to repair damage resulting from the infestation. The complaint sought damages for breach of contract and the intentional infliction of emotional distress. On November 30, 1999, the complaint and summons were served upon Tyrone, who then forwarded them to Frontier. On December 8, 1999, Frontier received the pleadings. Under Ark. R. Civ. P. 12(a) Tyrone's answer was due within twenty days after he was served, or not later than December 20, 1999.

On December 22, 1999, the Dennises appeared before the circuit court and moved for a default judgment. Finding that the complaint stated a cause of action for damages for breach of contract and intentional infliction of emotional distress as a matter of

law, and finding that Tyrone had failed and refused to file an answer to the complaint within the time allowed by law after service of process, the court entered a default judgment on the issue of liability against Tyrone pursuant to Ark. R. Civ. P. 55 and ordered that a hearing be held to determine the amount of damages.

A hearing on the issue of damages was held on December 29, 1999, following which a default judgment for damages was entered on the same date. This judgment states that the Dennises appeared to present testimony and evidence as to damages alleged in their complaint, and that three witnesses presented competent evidence as to the damages that the Dennises sustained. The order reflects that as of December 29, 1999, Tyrone had not filed an answer or other pleading and that he had not otherwise entered his appearance in the case. The judgment awarded the Dennises $95,000 damages for breach of contract and $35,000 for the intentional infliction of emotional distress, and attorneys' fees of $9,500, resulting in a total judgment of $139,500; they also were awarded costs and interest. The abstract reflects that no transcript of the hearing on damages is available.

On January 3, 2000, Tyrone filed an answer to the Dennises' complaint. The answer denied any negligent or wrongful acts; it alleged that termite damage existed at the time contract coverage began; and alleged that the Dennises' negligence was a complete bar to recovery for any termite damage, or alternatively, that any award should be reduced under the doctrine of modified comparative fault. Tyrone filed his motion to set aside the default judgment on January 7, 2000. On January 18, 2000, the Dennises filed both a response to Tyrone's motion to set aside the default judgment and a motion to strike his answer. Following a hearing on these motions, the trial court entered its orders denying Tyrone's motion to set aside the default judgment and granting the Dennises' motion to strike Tyrone's answer.

██ Arkansas Rule of Civil Procedure 55 provides for entry of a default judgment when a party fails to appear or otherwise defend. *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). Rule 55 (c) provides that a default judgment may be set aside for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Tyrone compares the stringent application of the rule by Arkansas courts to the "more forgiving" environment of the federal courts, where "the

emphasis is on avoiding defaults and promoting trials on the merits." He submits that Arkansas should adopt and follow federal jurisprudence in applying the rule to advance the goal of resolving cases on the merits, which is the stated intent of the 1990 amendment to Rule 55(a). He relies on *Addition to Reporter's Note to Rule 55, 1990 Amendment*; Watkins, *Revised Rule 55, Five Years Later*, 49 ARK. L. REV. 23, 31 (1996); and federal cases including *Johnson v. Dayton Elec. Mfg. Co.*, 140 Fed. 3d 781 (8th Cir. 1998).

Tyrone presents five arguments under his contention that the trial court erred in denying his motion to set aside the default judgment. His first argument is that a timely answer was not filed because of mistake, inadvertence, or excusable neglect within the meaning of Ark. R. Civ. P. 55(c). He submits that, at worst, this is a case where defense counsel incorrectly calculated the date that a responsive pleading was due, and that, consistent with federal cases involving strikingly similar circumstances, he has shown mistake, inadvertence, or excusable neglect within the meaning of Rule 55(c).

In *Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998), our supreme court addressed similar arguments regarding the "liberalization" of Rule 55. Layman had forwarded a complaint to his attorney, and the attorney, relying on erroneous information from Layman about the date he was served, filed his answer one day late. The trial court found that the failure to file an answer within twenty days was not the result of mistake, inadvertence, surprise, or excusable neglect or other just cause. Affirming the trial court's granting of a motion for default judgment, the supreme court stated:

> The reporter's note following Rule 55(a) suggests also that, in applying that rule, we should look to the federal cases interpreting the parallel federal rule and consider factors such as lack of prejudice to the plaintiff, the defendant's preparedness to defend, and avoidance of "largely technical" default judgments. No doubt those are factors that may influence a trial court in the exercise of discretion to determine whether a mistake or inadvertence is of the sort that should not yield a default or whether a negligent act is excusable.

> Rule 55(a) provides that the court "may" grant a default-judgment motion in the event of failure to answer or otherwise defend. Thus, we apply an "abuse of discretion" standard in reviewing the granting of a default judgment pursuant to Rule

55(a), just as we do in reviewing the trial court's ruling on a Rule 6(b)(2) motion to enlarge the time for answering. *Maple Leaf Canvas, Inc. v. Rogers*, 311 Ark. 171, 842 S.W.2d 22 (1992); *B&F Eng'g, Inc. v. Cotroneo,* [309 Ark. 175, 830 S.W.2d 835 (1992)]. Again, in this instance an abuse of discretion has not been shown.

*Id.* at 127, 967 S.W.2d at 565.

██ █ Just as Rule 55(a) states that a default judgment "may be entered" by the trial court, Rule 55(c) states that the court "may, upon motion, set aside a default judgment." Therefore, the reasoning of *Layman v. Bone, id.,* is applicable, and we apply an abuse-of-discretion standard in reviewing the trial court's granting of a default judgment pursuant to Rule 55(c). Here, Tyrone was served on November 30, 1999, and his answer was due no later than December 20, 1999; but he filed nothing until January 3, 2000. The *Layman* court characterized counsel's actions as " 'neglect' that was not 'excusable' rather than 'mistake' " where counsel, instead of checking the record to ascertain the date of service, relied on his client's faulty recollections as to when he had been served. Our supreme court has also stated that the negligence of the insurance company is imputed to its insured. *Truhe v. Grimes*, 318 Ark. 117, 884 S.W.2d 255 (1994). In light of *Truhe* and *Layman, supra,* we cannot state that the trial court abused its discretion in ruling that there was no mistake, inadvertence, surprise, excusable neglect, or other just cause for relief from the operation of judgment.

Tyrone's second argument is that a timely answer was not filed for reasons that justify granting relief to the defendant from the operation of the judgment under Rule 55(c). Tyrone characterizes the entry of the default judgment as "a rush to judgment" between Christmas and New Year's Day. He complains that the Dennises knowingly and intentionally chose not to inform defense counsel of an *ex parte* hearing on the issue of damages despite receiving a letter from Tyrone's counsel on December 28, 1999, the day before the scheduled hearing, indicating his intention to contest allegations of the complaint. He states that the judge who conducted the hearing on damages was not the judge to whom the case was actually assigned, and that there was no record of the proceedings. He submits that Arkansas should follow federal precedent in explicitly stating certain factors to be considered in ruling on motions to set aside default judgments, such as whether failure to file a timely answer is largely due to poor communication between an insurer and its counsel.

■■ Although federal court precedents may be persuasive in a well-reasoned argument, they are not controlling. *See Brown v. Arkansas Dep't of Correction*, 339 Ark. 458, 6 S.W.3d 102 (1999). We do not consider assignments of error that are unsupported by convincing legal authority or argument unless it is apparent without further research that the argument is well taken. *Grayson v. Bank of Little Rock*, 334 Ark. 180, 971 S.W.2d 788 (1998). Because Tyrone presents no convincing authority or argument on this point, we affirm.

Tyrone's third argument is that he has shown a meritorious defense to the claims of breach of contract and intentional infliction of emotional distress. He points to allegations in his answer that there was damage to the Dennises' home at the time the parties entered into the agreement to provide a termite plan.

■■ Unless the ground asserted is that the judgment is void, the defendant must demonstrate a meritorious defense to the action *in addition to establishing one of the grounds of Ark. R. Civ. P. 55(c)*. *Southern Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998) (emphasis added). We need not address Tyrone's argument that he has shown a meritorious defense to the claims of breach of contract and intentional infliction of emotional distress, as we see no abuse of discretion in the trial court's finding that Tyrone was unable to establish the grounds of mistake, inadvertence, surprise, excusable neglect, or other just cause for relief from the default judgment.

■ Tyrone's fourth argument is that he was entitled to notice of the hearing on damages because he had made an appearance through counsel and the Dennises' counsel was aware of his representation prior to the hearing. Tyrone again complains, as he did in his second argument, about the hearing on damages being conducted without a court reporter, by a judge different than the one to whom the case was assigned, and without notice to his counsel, despite the Dennises' knowledge that counsel intended to respond to the complaint. Tyrone submits that our courts should adopt the federal rule of *FROF, Inc. v. Harris*, 695 F. Supp. 827 (E.D. Tex. 1972), where a letter from defense counsel to plaintiff's counsel was deemed sufficient appearance to indicate a clear purpose to defend a suit. Again, we state that while federal precedents from district courts may be persuasive, they are not controlling on our decisions. Until such time as the supreme court adopts the federal standards urged by Tyrone, we are obligated to follow the precedents of our

supreme court. *See Layman v. Bone, supra,* and *Brown v. Arkansas Dep't of Correction, supra.*

■ Finally, Tyrone argues that the award of damages was excessive and represents a windfall to the Dennises at his expense in the name of efficiency and expediency. Noting the lack of a transcript for the hearing on damages, Tyrone complains that the Dennises took the risk of going forward without the presence of a court reporter, that they did so at their peril, and that they should not get the benefit of their failure to make a record that could be reviewed on appeal. No authority is cited for these propositions, and we therefore will not address them.

Affirmed.

STROUD, C.J., and VAUGHT, J., agree.