Ronnie **HOLMES,** Appellant,

v.

**AMEREX RENT–A–CAR et al.,** Appellee.

No. 96–7182.

United States Court of Appeals,
District of Columbia Circuit.

May 30, 1997.

Before SILBERMAN, GINSBURG, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

## CERTIFICATION OF QUESTION OF LAW

by the United States Court of Appeals for the District of Columbia Circuit to the District of Columbia Court of Appeals.

GINSBURG, Circuit Judge:

After review of the briefs submitted by the parties in the above-referenced case, the Court determined that a question of District of Columbia law will be determinative of the pending appeal. There is no controlling precedent to be found in the decisions of the District of Columbia Court of Appeals. We therefore certify the following questions of law to the District of Columbia Court of Appeals pursuant to D.C.Code § 11–723:

Under District of Columbia law, may a plaintiff recover against a defendant who has negligently or recklessly destroyed or allowed to be destroyed evidence that would have assisted the plaintiff in pursuing a claim against a third party?

If a plaintiff may proceed under such a theory, what standard of proximate cause must he meet?

On November 4, 1988 Ronnie Holmes was driving a Chrysler Dodge 600 rented to him by Amerex Rent–A–Car when he was involved in an accident. Holmes alleges that the engine of the car intruded into the passenger compartment upon impact. He was severely injured. After the accident Amerex took possession of the wrecked car. Holmes' attorney asked agents of Amerex to hold the car so that he could have an expert inspect the car. On March 30, 1989 Amerex assured Holmes' attorney that it would hold the rental car for 60 days. Amerex later extended the deadline for inspection of the car to June 15. On June 14, 1989 an Amerex claims representative agreed to sell the car to Holmes for $200 plus fees.

Unbeknownst to the claims representative, another agent of Amerex had already sold the car to an auto salvage company. A body shop engineer severed the front of the car and removed the engine. According to an expert in accident reconstructions, this action made it " impossible to determine within a reasonable degree of certainty whether or not the vehicle had design, manufacturing and/or maintenance defects which proximately caused Mr. Holmes' injuries."

On November 2, 1991 Holmes filed suit against Chrysler and Amerex in District of Columbia Superior Court alleging that Chrysler had negligently designed the engine of the car. The complaint also alleged that Amerex had negligently maintained the car. Chrysler removed the case to federal district court. On May 26, 1992 Holmes voluntarily dismissed Chrysler from the lawsuit and filed an amended complaint naming Amerex as the sole defendant. The amended complaint dropped the count for negligent maintenance and replaced it with counts of, *inter alia,* negligent spoliation of evidence and tortious interference with the plaintiff's prospective civil action (i.e., against Chrysler) by spoliation of evidence. Holmes submitted evidence, in the form of an affidavit from an expert in biomechanics, crashworthiness, and accident reconstruction, that "if the vehicle were available in the same condition that it was immediately following the accident, [Holmes] would have a substantial possibility of proving that the Dodge 600 vehicle at issue was defectively designed and/or manufactured and/or maintained."

The district court entered summary judgment for Amerex on the claims of negligent spoliation and tortious interference with a prospective civil action by spoliation of evidence. The court held that if the District of Columbia Court of Appeals were to recognize a cause of action based upon the spoliation of evidence, it would follow an approach that would not enable Holmes to recover based upon the facts presented.

Not all jurisdictions have recognized the spoliation tort. *See Wilson v. Beloit Corp.,* 921 F.2d 765, 767–68 (8th Cir.1990) (cause of

action not cognizable under Arkansas law). A number of jurisdictions have, however, recognized such a cause of action upon the ground that "a prospective civil action ... is a valuable probable expectancy that the court must protect from ... interference." *Smith v. Superior Court,* 151 Cal.App.3d 491, 198 Cal.Rptr. 829, 837 (1984). Those jurisdictions that have recognized the tort agree that the plaintiff must show that the defendant had a duty or made a promise to preserve the evidence for the plaintiff's inspection, that the defendant breached this duty or promise, that the plaintiff's injuries proximately resulted from the defendant's breach, and that the plaintiff suffered damages from the breach.

Three approaches to determining proximate cause have emerged. The Ohio approach requires a plaintiff to demonstrate that the underlying cause of action was rendered impossible by the destruction of the evidence and that the evidence "was of such a nature that it would have enabled the plaintiff successfully to pursue the separate civil action against the alleged original tortfeasor." *Tomas v. Nationwide Mut. Ins. Co.,* 79 Ohio App.3d 624, 607 N.E.2d 944, 948 (1992). The Florida approach requires the plaintiff to demonstrate that the destruction of evidence caused a "significant impairment in the [plaintiff's] ability to prove the [underlying] lawsuit." *Continental Ins. Co. v. Herman,* 576 So.2d 313, 315 (1990). The Florida courts recognize that this allows a plaintiff to recover even when the damages are uncertain. *Miller v. Allstate Ins. Co.,* 573 So.2d 24, 27 (1990). The California approach requires the plaintiff to demonstrate a "reasonable probability" that he would have successfully litigated the underlying case if the evidence had been available. *Smith,* 198 Cal.Rptr. at 836.

Viewing the evidence in the light most favorable to Holmes, *see Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970), but for Amerex's negligence in allowing the automobile to be destroyed there was a "substantial possibility of proving" that the car was defectively designed or manufactured. Such evidence is not sufficient to avoid summary judgment under the Ohio approach, which requires a plaintiff to show "the evidence which was destroyed was of such a nature that it would have enabled the plaintiff successfully to pursue the separate civil action against the alleged tortfeasor." *Tomas,* 607 N.E.2d at 948. Holmes might, however, be able to recover under the Florida approach, which requires the plaintiff to demonstrate only that the destruction of evidence caused a "significant impairment in the [plaintiff's] ability to prove the [underlying] lawsuit." *Herman,* 576 So.2d at 315. This approach does not focus on the strength of the underlying claim. Certainly, being unable to inspect the engine of the car significantly impaired Holmes' case against Chrysler for negligent design and manufacturing. Although Holmes might have a difficult time proving just what damages ought to be attributed to Amerex's negligent destruction of the evidence, that difficulty would not be fatal to his claim if the Court of Appeals chose to follow the Florida approach. Holmes might also be able to recover under the California approach.

We cannot determine whether the district court's entry of summary judgment on this claim was proper without knowing whether the District of Columbia would recognize such a claim and, if so, the standard of proximate cause that it would apply. The Court of Appeals has faced a related issue when a trial court is asked to give an adverse inference instruction because the defendant has lost or destroyed evidence. *See Battocchi v. Washington Hospital Center,* 581 A.2d 759, 767 (1990) (trial court must give adverse inference instruction "upon a finding of gross indifference to or reckless disregard for the relevance of the evidence to a possible claim"); *Williams v. Washington Hospital Center,* 601 A.2d 28, 32 (1991) (trial court erred in failing to give adverse inference instruction when defendant hospital acted with "willful and reckless disregard toward the preservation of relevant evidence within its exclusive control"). Although these cases might indicate that the Court of Appeals would require a plaintiff to show that the defendant acted intentionally or recklessly, the cases do not indicate the standard of proximate cause that the Court would apply.

The Court may determine that an *inter-se* situation such as that involved in *Battocchi* and *Williams* differs significantly from the third-party situation involved in the present case. For that reason, we are impelled to certify the question to the District of Columbia Court of Appeals.

Appended to this certification are the briefs and portions of the district court record provided by the parties to this appeal. In addition, we shall provide the Court of Appeals with any other portion of the record that the Court would like to have in order to answer the certified questions.

*So Ordered.*