James L. EFURD, Qujette Efurd, Quinton V. Brandon, and
Joyce L. Brandon *v.* Lee HACKLER and Patricia Hackler;
Kenneth Ross, Sheriff of Franklin County

98-480                                          983 S.W.2d 386

Supreme Court of Arkansas
Opinion delivered December 3, 1998

[Petition for rehearing denied January 14, 1999.*]

---

* SMITH, J., not participating.

*Irwin Law Firm*, by: *Robert E. Irwin*, for appellant.

*Gordon W. McCain, Jr.*, for appellees.

W H. "DUB" ARNOLD, Chief Justice. This is an appeal from an order of the Franklin County Chancery Court dismissing the appellants' action for lack of standing. Specifically, the appellants challenge the chancery court's finding that a judgment debtor has no standing to sue a noncomplying sheriff under the provisions of Ark. Code Ann. § 16-66-118 (1987). Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(b)(1), (4), and (6) (1998). We accepted certification of this case from the Arkansas Court of Appeals because it involves an issue of first impression and substantial public interest and it raises a substantial question of law concerning the interpretation of section 16-66-118. However, we find no merit in appellants' arguments, and we affirm.

On or about October 3, 1990, the appellants, James L. Efurd, Qujette Efurd, Quinton V. Brandon, and Joyce L. Brandon, entered into a contract with appellees Lee and Patricia Hackler to purchase certain real property in Franklin County. The real estate contract required the appellants to pay the Hacklers $1,161.83 per month. After July 1994, the appellants stopped making the monthly payments, failed to pay the 1993 and 1994 property taxes, and allowed the insurance to lapse, all of which were in violation of the contract. Subsequently, the appellants filed suit to rescind the contract, and the Hacklers counterclaimed.

After reviewing the parties' pleadings, the Honorable Richard E. Gardner, Jr., found that the appellants forfeited any interest in the property because they failed to comply with the contract's terms, remained in possession of the property, and had no intention to pay for the property in the future. Additionally, in his order dated August 28, 1995, the chancellor found that the contract terminated effective July 31, 1994, and, from that date, the appellants became the Hackler's tenants. In light of the appellants' failure to make the required rental payments and the appellants'

unauthorized sale of timber from the property, the chancellor awarded the Hacklers $29,982.71 in damages for double the property's fair rental value, $6,000.00 in damages for double the profit derived from the timber sale, interest on the judgment, and $1,500.00 for attorney's fees.

On September 8, 1995, the Hacklers filed a writ of execution in order to satisfy the judgment. The writ commanded the appellee Kenneth Ross, as sheriff of Franklin County, to take from the appellants certain personal property and monies whose value would equal $37,482.71, the amount of the outstanding judgment. Further, the writ ordered the sheriff to "return the writ within the statutory period required by law, and to serve the Notice attached to this writ." The notice alerts the debtor of his right to claim that certain properties are exempt from execution and of his right to petition the court within twenty days to claim an exemption.

In a motion filed September 10, 1997, and styled "Motion for Judgment," the appellants alleged that after receiving the writ, Sheriff Ross never returned it within the sixty-day statutory period. Therefore, they argued that Sheriff Ross was liable for payment of the entire judgment pursuant to section 16-66-118. The appellants further alleged that Sheriff Ross seized some property but that no sale was ever made because the writ had not been returned. The appellants requested a judgment against Sheriff Ross in the amount of $140,000, plus interest, to be calculated from the date the execution was due to be returned until the judgment is paid.

In response, Sheriff Ross contended that the appellants' motion should be denied and the case dismissed because, in the absence of a contractual obligation, the appellants lacked standing to sue. In an order filed on January 14, 1998, the chancellor agreed that the appellants lacked standing to sue Sheriff Ross, dismissed the action with prejudice, and directed the appellants to pay Ross's attorney's fees. From this order comes the instant appeal, challenging the trial court's dismissal of appellants' action and asserting that a judgment debtor has standing to sue a sheriff under the provisions of section 16-66-118.

■   We treat the appellants' motion for judgment as a complaint and appellee Ross's response as a motion to dismiss. Accordingly, this court reviews a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff, here, appellants. *See Hames v. Cravens*, 332 Ark. 437, 440-41, 966 S.W.2d 244 (1998) (citing *Neal v. Wilson*, 316 Ark. 588, 595-96, 873 S.W.2d 552 (1994) (citing *Gordon v. Planters & Merchants Bancshares, Inc.*, 310 Ark. 11, 832 S.W.2d 492 (1992); *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989)); *Mid-South Beverages, Inc.*, 300 Ark. 204, 205, 778 S.W.2d (1989) (citing *Battle*, 298 Ark. 241)). Notably, a trial judge must look only to the allegations in the complaint to decide a motion to dismiss. *Hames*, 332 Ark. at 441 (citing *Neal*, 316 Ark. at 596 (citing *Wiseman v. Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (1993); *Deitsch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992)); *Mid-South Beverages, Inc.*, 300 Ark. at 205 (citing *Battle*, 298 Ark. 241)).

Assuming that the appellants' allegations are true, specifically, that Sheriff Ross failed to timely return the writ of execution and that he failed to timely conduct a sale, the only issue before us is whether the appellants had standing, as judgment debtors, to sue Ross pursuant to section 16-66-118. Section 16-66-118 provides, in part, that:

> (a) Each officer to whom any execution is delivered shall be liable and bound to pay the whole amount of money specified in or endorsed on the execution and directed to be levied, if he:
>
> (1) Neglects or refuses to execute or levy the execution according to law; or
>
> (2) Takes in execution any property, or if any property is delivered to him by any person against whom an execution may have been issued, and the officer neglects or refuses to make a sale of the property so delivered according to law; or
>
> (3) Does not return the execution on or before the return day specified therein;
>
> . . . .
>
> (c) If the officer, on the return of any execution or at the time the execution ought to be returned, does not have the money

which he may have become liable to pay as prescribed in subsection (a) of this section, and does not pay the money over according to the command of the writ, any person aggrieved thereby may have his action against the officer and his sureties, upon his official bond.

. . . .

(e)(1) The party aggrieved may proceed against the officer by the motion before the court in which the writ is returnable, in a summary manner, ten (10) days' previous notice of the intended motion being given, on which motion the court shall render judgment for the amount which ought to have been paid, with interest and damages as provided in subsection (d) of this section, and award execution thereon.

■ In construing section 16-66-118, this court has long held that the judgment creditor is the aggrieved party who may maintain an action against an officer who fails to timely return the writ or to make a sale of the seized property. *See generally Vinson Elec. Supply, Inc. v. Poteete*, 321 Ark. 516, 905 S.W.2d 831 (1995). The remedies provided in section 16-66-118 are designed to benefit the creditor by bringing the debtor one step closer to satisfying the judgment via a forced payment. Moreover, the statute is highly penal in nature, and the person seeking to enforce the penalty must bring himself within both the letter and the spirit of the statute. *G.F. Harvey Co. v. Huddleston*, 125 Ark. 522, 189 S.W. 181 (1916).

■ ■ Here, the appellants have failed to cite any apposite Arkansas case law where a judgment debtor has availed itself of section 16-66-118 remedies. Consistent with our precedent and in the absence of any compelling argument or authority, we hold that the Hacklers, not the appellants, are the aggrieved party. *See Perryman v. Hackler*, 323 Ark. 500, 508, 916 S.W.2d 105 (1996) (citing *Thomson v. Littlefield*, 319 Ark. 648, 893 S.W.2d 788 (1995)). Treating the appellants' allegations as true and viewing them in the light most favorable to the appellants, we hold that the trial court did not err in granting appellee Sheriff Ross's motion to dismiss for lack of standing. Accordingly, we affirm.