Ronnie **HOLMES**, Appellant,

v.

**AMEREX RENT–A–CAR**
et al., Appellees.

No. 96–7182.

United States Court of Appeals, District of Columbia Circuit.

June 18, 1999.

Patrick M. Regan, Jonathan E. Halperin and Paul M. Higgins were on the supplemental brief for appellant.

Terence J. O'Connell was on the supplemental brief for appellee.

Before: SILBERMAN, GINSBURG, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

We previously determined that the answers to two novel questions of District of Columbia law would be dispositive of this appeal and therefore certified those questions to the District of Columbia Court of Appeals. *See Holmes v. Amerex Rent-A-Car,* 113 F.3d 1285, 1286 (1997). The questions were:

> Under District of Columbia law, may a plaintiff recover against a defendant who has negligently or recklessly destroyed or allowed to be destroyed evidence that would have assisted the plaintiff in pursuing a claim against a third party?

> If a plaintiff may proceed under such a theory, what standard of proximate cause must he meet?

The District of Columbia Court of Appeals has now given its answers:

In response to the first certified question, we hold that negligent or reckless spoliation of evidence is an independent and actionable tort in the District of Columbia.

In response to the second certified question, we hold that in order to demonstrate that the defendant's actions proximately caused the harm alleged, plaintiff must show, on the basis of reasonable inferences derived from both existing and spoliated evidence, that (1) the plaintiff's ability to prevail in the underlying lawsuit was significantly impaired due to the absence of the spoliated evidence; and (2) there had been a significant possibility of success in the underlying claim against the third party.

*Holmes v. Amerex Rent-A-Car,* 710 A.2d 846, 847 (D.C.1998). We now apply the law of the District, as clarified, to the facts of this case.

## I. Background

The essential facts, as set forth in our prior opinion, are as follows. In November, 1988, while driving a car he had rented from Amerex Rent-a-Car, Ronnie Holmes was involved in an accident that left him seriously injured. He asked Amerex, which had taken possession of the wrecked car following the accident, to hold it so that he could have it inspected by an expert. Amerex agreed to leave the car undisturbed until June 15, 1989. On June 14, an Amerex claims representative agreed to sell the car to Holmes for $200. Unbeknownst to the claims representative, however, another Amerex employee had already sold the car to a salvage company, which had destroyed its engine. Without the engine, it was impossible to determine whether the car was defectively designed or manufactured or maintained in a way that might have caused the accident.

Holmes sued Chrysler (the manufacturer of the car) and Amerex in the District of Columbia Superior Court, alleging that Chrysler had negligently designed, and that Amerex had negligently maintained, the engine of the car. After Chrysler removed the case to federal court, Holmes filed an amended complaint naming Amerex as the sole defendant. The amended complaint asserts claims for negligent spoliation of evidence and tortious interference with Holmes's prospective civil action against Chrysler (again by spoliation of evidence). In support of these claims Holmes submitted an affidavit from an expert in biomechanics, crashworthiness, and accident reconstruction stating that "if the vehicle were available in the same condition that it was immediately following the accident, [Holmes] would have a substantial possibility of proving that the [car] at issue was defectively designed and/or manufactured and/or maintained." The district judge granted summary judgment to Amerex on this claim, concluding that Holmes had not met what it (erroneously) thought was the law of spoliation in the District of Columbia, namely, that a plaintiff must demonstrate that, were it not for the destruction of the evidence, it is more probable than not that he would prevail upon the underlying claim.

Holmes's amended complaint also included counts for breach of contract and promissory estoppel arising out of Amerex's sale of the car to the salvage company. The district court referred those claims to a magistrate judge. After a bench trial, the magistrate first found for Holmes on the contract claim but awarded him only nominal damages because his "purpose in seeking possession of the salvage was not for its intrinsic value but solely for its evidential [sic] value in a potential tort action against the manufacturer"; when the district court had granted summary judgment in favor of Amerex on the spoliation claims, it had "removed the basis for any damages [Holmes] could claim" arising out of Amerex's breach of contract. The magistrate then rejected Holmes's promissory estoppel claim, upon the ground that Holmes had been "less than diligent in protecting his own interests with respect to an inspection of the

salvage of the vehicle." The district court adopted the magistrate's report and recommendation in full.

## II. Analysis

Holmes appeals the district court's grant of summary judgment for Amerex on the spoliation claims, the magistrate's failure to award him more than nominal damages for Amerex's breach of contract, and the magistrate's denial of his promissory estoppel claim.

 In answer to our certification of questions of law, the District of Columbia Court of Appeals enumerated the elements of a cause of action for negligent or reckless spoliation of evidence, as follows:

(1) existence of a potential civil action; (2) a legal or contractual duty to preserve evidence which is relevant to that action; (3) destruction of that evidence by the duty-bound defendant; (4) significant impairment in the ability to prove the potential civil action; (5) a proximate relationship between the impairment of the underlying suit and the unavailability of the destroyed evidence; (6) a significant possibility of success of the potential civil action if the evidence were available; and (7) damages adjusted for the estimated likelihood of success in the potential civil action.

710 A.2d at 854. The evidence presented in this case, viewed in the light most favorable to Holmes, would allow a reasonable juror to conclude that (1) Holmes had a potential civil action arising out of the accident in which he was involved; (2) Amerex had a contractual obligation to preserve the car for Holmes; (3) Amerex negligently allowed the car to be sold and dismantled; (4) Holmes's ability to prove his case in the potential civil action was significantly impaired; (5) the impairment of the underlying suit was proximately related to the dismantling of the car and the attendant loss of evidence relating to the design, manufacturing, and maintenance of the car; (6) Holmes would have had a significant possibility of success in the po-

tential civil action if the evidence were available; and (7) Holmes suffered damages.

In concluding that a reasonable juror could find that Holmes would have had a "significant possibility" of success in his underlying lawsuit if the evidence had not been lost, we are mindful that the District of Columbia has, unlike some states, see, e.g., Smith v. Superior Court, 151 Cal. App.3d 491, 198 Cal.Rptr. 829, 836 (1984), rejected the requirement that a plaintiff demonstrate a "reasonable probability" of success.

> A "reasonable probability" of success still requires a showing that success was probable. In our view, this comes too close to requiring that the plaintiff show success by what amounts to "a preponderance of the evidence." ... [T]his standard is too high. Instead, we believe we should require that the plaintiff show that the underlying lawsuit enjoyed a significant possibility of success. We choose this term as it implies a showing higher than the already recognized standard of "significant evidence" but lower than the standard of "preponderance of the evidence." The plaintiff must demonstrate a substantial and realistic possibility of succeeding, but need not cross the threshold of demonstrating that such success was more likely than not, something that would be realistically impractical of proof.

710 A.2d at 852.

Holmes submitted the affidavit of an expert in accident reconstruction who, after reviewing photographs of the car taken after the accident, determined that the car appears to have lacked reasonable "crashworthiness." He therefore concluded that "if the vehicle were available in the same condition that it was immediately following the accident, [Holmes] would have a substantial possibility of proving that the [car] ... was defectively designed and/or manufactured and/or maintained." We think a reasonable jury could find that the evi-

dence that led Holmes's expert to conclude that he would have a "substantial possibility" of success gives rise to the "significant possibility" of success Holmes needs in order to recover for the negligent spoliation of his evidence. It follows that the district court erred in granting summary judgment in favor of Amerex on the negligent spoliation claim. It follows as well that the magistrate judges's decision to award Holmes only nominal damages on his breach of contract claim, upon the premise that his spoliation claim could not succeed, must be reconsidered in light of the ultimate resolution of the spoliation claim.

■ Turning to the promissory estoppel count, we affirm the judgment in favor of Amerex. The judge first found that Holmes unreasonably failed to inspect the car despite having had ample opportunity to do so. He then held that judgment for Amerex was appropriate because promissory estoppel "requires the promisee to have acted reasonably in justifiable reliance on the promise." Although Holmes urges us to reverse the judge's decision, he challenges neither step of this reasoning. Instead, he focuses upon evidence showing that he relied upon Amerex's representation that it would preserve the car and that he was injured when that representation proved false. That may be so, but it does nothing to undermine the magistrate's finding that he was unreasonably dilatory in inspecting the car. Therefore, we are constrained to approve the magistrate's denial of the claim based upon promissory estoppel.

### III. Conclusion

In view of the answer given by the District of Columbia Court of Appeals to the questions of law we certified, we reverse the grant of summary judgment in favor of Amerex on the claim for negligent spoliation of evidence, vacate the award of nominal damages on the claim for breach of contract, and affirm the judgment of the district court on the claim based upon promissory estoppel. This matter is remanded to the district court for further proceedings consistent with this opinion.

*So ordered.*