Lisa GOFF and Kenneth Goff *v.*
HAROLD IVES TRUCKING CO., Inc.

99-1420                                          27 S.W.3d 387

Supreme Court of Arkansas
Opinion delivered September 28, 2000

144

*The Mulkey Attorneys Group, P.A.*, by: *Bruce L. Mulkey* and *Jeremy K. Landon*, for appellants.

*Conner & Winters, P.L.L.C.*, by: *John R. Elrod* and *Vicki Bronson*, for appellee.

TOM GLAZE, Justice. This case presents our court with the following issue of first impression: whether or not Arkansas should recognize intentional first-party spoliation of evidence as an independent tort cause of action.

On December 2, 1997, Lisa Goff was in a head-on collision with a tractor-trailer rig driven by an employee of Harold Ives Trucking Company (hereinafter Ives), and as a result, she suffered severe injuries. On May 18, 1998, Goff and her husband Kenneth filed suit in federal district court. They served their complaint on Ives on the same day, along with a summons and request for production of documents. The request for production of docu-

ments sought Ives' driver's logs for the entire month of November 1997 and December 1-2, 1997.

Sometime during the course of discovery, the Goffs learned that Ives had either negligently or intentionally lost or destroyed some of its truck driver's logs, relating to the driver who had been involved in their accident. The Goffs alleged these logs showed the hours of service, or how long the driver had been on the road. Such logs were required by federal law to be kept for a minimum of six months. Because of the missing logs, the Goffs amended their federal complaint to allege a count of spoliation of evidence. Ives subsequently admitted liability for the accident, so at trial, the jury considered and decided the issue of damages only. However, before submitting the damages issue to the jury, the federal trial judge refused to let the Goffs submit a claim for punitive damages based on spoliation, and as a result, they took a voluntary nonsuit on the spoliation count. The jury then returned a verdict in favor of the Goffs, awarding them compensation on their underlying negligence claim.

The Goffs later filed a complaint in Pulaski County Circuit Court on March 30, 1999, based solely on the spoliation count they previously nonsuited in the federal proceeding. The Goffs alleged that they had been deprived of relevant and central information in pursuing the underlying negligence action and that the destruction of the logs interfered with their opportunity to recover damages. Ives responded by filing a motion to dismiss under Ark. R. Civ. P. 12(b)(6), asserting that the Goffs had failed to state a cause of action on the grounds that Arkansas does not recognize the tort of spoliation of evidence. Ives further urged that, even if the courts were to recognize such a claim, the Goffs could not prevail because they had already won their negligence action. On August 16, 1999, a hearing was held on Ives' motion to dismiss, and after hearing arguments from both sides, the trial judge dismissed the Goffs' complaint.

■ We review a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999) (citing *Efurd v. Hackler* 335 Ark. 267, 983 S.W.2d 386 (1998)). In testing the sufficiency of a com-

plaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint. *Id.*

■ Spoliation is defined as "the intentional destruction of evidence and when it is established, [the] fact finder may draw [an] inference that [the] evidence destroyed was unfavorable to [the] party responsible for its spoliation." *Black's Law Dictionary* 1401 (6th ed. 1990).[1] Our research reflects that few jurisdictions have acknowledged spoliation as an independent tort. In those few states which have recognized the tort, several courts have likened the harm arising from the destruction of evidence to that suffered by plaintiffs in cases involving intentional interference with prospective economic advantage. This reasoning was first employed in *Smith v. Superior Court*, 198 Cal. Rptr. 829 (Cal. App. 1984), where the California court of appeals acknowledged the new cause of action for the first time. Noting that "for every wrong there is a remedy," the California court held that a prospective civil action in a products liability case was a valuable probable expectancy to the plaintiff, and as such, the court could and should protect that interest from the kind of interference posed by the destruction of evidence necessary to prove such a claim. *Smith*, 198 Cal. Rptr. at 837. Several other jurisdictions adopted this approach to the tort. *See Bondu v. Gurvich*, 473 So. 2d 1307 (Fla. App. 1985); *Hazen v. Municipality of Anchorage*, 718 P.2d 456 (Alaska 1986); *Hirsch v. General Motors Corp.*, 628 A.2d 1108 (N.J. Super. 1993) (New Jersey recognizes intentional spoliation of evidence as a tort, but not negligent spoliation of evidence); *Holmes v. Amerex Rent-A-Car*, 180 F.3d 294 (D.C. Cir. 1999) (holding that negligent or reckless spoliation of evidence is an independent and actionable tort); *Smith v. Howard Johnson Co.*, 615 N.E.2d 1037 (Ohio 1993) (holding without explanation that a "cause of action exists in tort for interference with or destruction of evidence"); and *Coleman v. Eddy Potash*, 905 P.2d 185 (N.M. 1995).

These states, however, represent what we have determined to be the minority view. We find it instructive that California, the first state to adopt spoliation as an independent tort, has changed course and, more recently, that state's highest court has held specifically that the tort would no longer be recognized. *Cedars-Sinai Medical Center v. Superior Court*, 954 P.2d 511 (Cal. 1998). In rejecting the

---

[1] In addition to intentional spoliation, a small number of jurisdictions have discussed the tort of negligent spoliation of evidence.

logic of the *Smith* case, the California Supreme Court noted that while "[n]o one doubts that the intentional destruction of evidence should be condemned, . . . [t]hat alone, however, is not enough to justify creating tort liability for such conduct." *Cedars-Sinai,* 954 P.2d at 515.

■ The California Supreme Court based its decision on a number of public policy concerns, noting primarily the "strong policy favoring use of nontort remedies rather than derivative tort causes of action to punish and correct litigation misconduct and the prohibition against attacking adjudications on the ground that evidence was falsified or destroyed." *Id.* at 517. Chief among these nontort remedies is the evidentiary inference, often quoted in its Latin form, "*omnia praesumuntur contra spoliatorem,*" meaning "all things are presumed against a spoliator." This inference, embodied in California's rules of evidence and its standard jury instructions, allows a fact-finder to infer from the destruction of evidence that whatever was contained in that evidence was unfavorable to the party that destroyed it. *Id.*[2] There is at least one Arkansas federal district court decision which recognized this presumption. *Carr v. St. Paul Fire & Marine Ins. Co.,* 384 F. Supp. 821 (W.D. Ark. 1974).

■ In addition to this evidentiary inference or presumption, the California Supreme Court noted the "broad range of [discovery] sanctions for conduct that amounts to a misuse of the discovery process." *Cedars-Sinai,* 954 P.2d at 517 (internal quotations omitted). In California, these sanctions include "monetary sanctions, contempt sanctions, issue sanctions . . . , evidentiary sanctions . . . , and terminating sanctions that include striking part or all of the pleadings, dismissing part or all of the action, or granting a default judgment against the offending party." *Id.* at 517-18. Arkansas has similar sanctions, in the form of Ark. R. Civ. P. 37(b)(2), which provides as follows:

> (2) *Sanctions By Court In Which Action Is Pending.* If a person . . . fails to obey an order to provide or permit discovery, . . . the court

---

[2] This presumption is recognized as a sufficient remedy by a number of states which have refused to acknowledge spoliation of evidence as an independent tort. *See, e.g., Beers v. Bayliner Marine Corp.,* 675 A.2d 829 (Conn. 1996); *Lucas v. Christiana Skating Center, Ltd.,* 722 A.2d 1247 (Del. Super. Ct. 1998); *Monsanto v. Reed,* 950 S.W.2d 811 (Ky. 1997); *Kammerer v. Sewerage & Water Bd.,* 633 So. 2d 1357 (La. App. 1994); *Miller v. Montgomery County,* 494 A.2d 761 (Md. App. 1985).

in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

\* \* \* \*

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Ark. R. Civ. P. 37(b) (2000).[3]

■ The California court also discussed the two following nontort remedies for the spoliation of evidence: the fact that lawyers may be subject to disciplinary proceedings for participating in the destruction or suppression or evidence (and thus would take steps to see to it that their clients do not engage in such behavior), and the existence of criminal penalties for spoliation. Again, both of these remedies, as deterrents, are available under our state law. Arkansas's Rules of Professional Conduct provide that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation [or to] engage in

---

[3] During oral arguments in this case, counsel for the Goffs conceded that he had not sought discovery sanctions against the trucking company.

conduct that is prejudicial to the administration of justice." Model Rules of Professional Conduct 8.4(c) & (d). In addition, we have a statute which makes it a Class B misdemeanor if a person "alters, destroys, suppresses, removes, or conceals any record, document, or thing with the purpose or impairing its verity, legibility, or availability in any official proceeding or investigation." Ark. Code Ann. § 5-53-111 (Repl. 1997).

Besides the existence of the foregoing nontort remedies are several strong policy concerns that weigh against the recognition or adoption of spoliation as a new tort. We are concerned, as was the California Supreme Court, with the speculative nature of damages in a case such as this. The question goes not only to the amount of damages caused by the destruction of evidence, but also to the very *existence* of injury. The California court discussed this problem in its *Cedars-Sinai* decision as follows:

> In such cases, even if the jury infers from the act of spoliation that the spoliated evidence was somehow unfavorable to the spoliator, there will typically be no way of telling what precisely the evidence would have shown and how much it would have weighed in the spoliation victim's favor. Without knowing the content and weight of the spoliated evidence, it would be impossible for the jury to meaningfully assess what role the missing evidence would have played in the determination of the underlying action. The jury could only speculate as to what the nature of the spoliated evidence was and what effect it might have had on the outcome of the underlying litigation.

*Cedars-Sinai*, 954 P.2d at 518.

■ We agree with the California court's analysis. In the present case, the Goffs' complaint is devoid of any suggestion as to what the missing logs contained. Although the complaint states that the destruction of the logs deprived the Goffs of relevant evidence concerning their negligence action, it does not allege that the logs would have shown that the driver of the truck that struck Mrs. Goff had been on the road for more hours than federal law permits. Therefore, even if the Goffs had been permitted to present their spoliation claim to a jury, there would have been no way for that jury to tell what the logs would have shown and what injury, if any, the Goffs had suffered as a result of the logs' destruction. We also find it telling that the Goffs *won* their underlying negligence

action in the federal district court. In such a situation, whether any additional damages could have been proven is certainly open to question.

In declining to adopt an independent tort of spoliation, we further note that the recognition of the tort is not, as the Goffs suggest, a "growing trend" in this country. The majority of jurisdictions which have considered it have either expressly rejected the cause of action or have declined to reach the question on the facts presented. Among those states refusing to acknowledge the tort, in addition to California, are Alabama, Arizona, Georgia, Iowa, Kansas, Pennsylvania, and Texas. *Christian v. Kenneth Chandler Constr. Co.*, 658 So. 2d 408 (Ala. 1995); *LaRaia v. Superior Court*, 722 P.2d 286 (Ariz. 1986); *Gardner v. Blackstone*, 365 S.W.2d 545 (Ga. App. 1988); *Meyn v. State*, 594 N.W.2d 31 (Iowa 1999) (court did not recognize negligent spoliation); *Koplin v. Rosel Well Perforators, Inc.*, 734 P.2d 1177 (Kan. 1987); *Elias v. Lancaster*, 710 A.2d 65 (Pa. Super. Ct. 1998); *Trevino v. Ortega*, 969 S.W.2d 950 (Tex. 1998). States which have declined to reach the issue because the facts did not warrant the creation of a new tort include Connecticut, Idaho, Illinois, Missouri, New Hampshire, and Virginia. *Reilly v. D'Errico*, 1994 W.L. 547671 (Conn. Super. Ct. Sept. 21, 1994); *Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416 (Idaho 1996); *Petrik v. Monarch Printing Corp.* 501 N.E.2d 1312 (Ill. App. 1986); *Brown v. Hamid*, 856 S.W.2d 51 (Mo. 1993) *(en banc)*; *Rodriguez v. Webb*, 680 A.2d 604 (N.H. 1996); *Austin v. Consolidated Coal*, 501 S.E.2d 161 (Va. 1998).

■ We join those jurisdictions that have expressly declined to recognize the tort of intentional spoliation of evidence. As discussed above, we believe that there are sufficient other avenues, short of creating a new cause of action, that serve to remedy the situation for a plaintiff. Most significant, an aggrieved party can request that a jury be instructed to draw a negative inference against the spoliator. Additionally, and as discussed earlier, the plaintiff can ask for discovery sanctions or seek to have a criminal prosecution initiated against the party who destroyed relevant evidence. In short, we do not find it necessary to create a new tort out of whole cloth in order to provide a party with a remedy. The following language of the Texas Supreme Court succinctly addresses our own position on the subject:

This Court treads cautiously when deciding whether to recognize a new tort. While the law must adjust to meet society's changing needs, we must balance that adjustment against boundless claims in an already crowded judicial system. We are especially averse to creating a tort that would only lead to duplicative litigation, encouraging inefficient relitigation of issues better handled within the context of the core cause of action. We thus decline to recognize evidence spoliation as an independent tort. . . . [The] traditional response to the problem of evidence spoliation *properly frames the alleged wrong as an evidentiary concept, not a separate cause of action.*

*Trevino v. Ortega*, 969 S.W.2d 950, 951-52 (emphasis added).

Because we find it unnecessary and unwise to recognize first-party spoliation of evidence as an independent tort in Arkansas, we affirm the decision of the trial court.